# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
August 13, 2002 Session

## STATE OF TENNESSEE v. FRANK MICHAEL VUKELICH

**Direct Appeal from the Criminal Court for Davidson County**
**No. 98-D-2423     Cheryl Blackburn, Judge**

---

**No. M2001-01184-CCA-R3-CO - Filed October 7, 2002**

---

Hayes, David G., J., dissenting.

With all due respect to my colleagues, I must dissent. After review of the record, I find that the Davidson County Chancery Court never obtained jurisdiction of the approximately $102,000 seized by the Drug Task Force and deposited with the Metro Trustee. The following chronological history is critical to this finding:

1. The Appeals Division of the Department of Safety entered an order, dated June 9, 1998, requiring the seized funds to be returned to the defendant.

2. On August 7, 1998, the defendant sought a limited appeal to the Davidson County Chancery Court from the Department of Safety ruling. The only issue being the defendant's entitlement to "receive damages from the Department for the taxes assessed on phantom income resulting from the liquidation of the mutual fund on the aborted forfeiture." The matter of return of the funds to the defendant was not at issue on appeal.

3. On January 22, 1999, the defendant was convicted of conspiracy to deliver over 700 pounds marijuana, multiple counts of conspiracy to commit money laundering, and money laundering. The judgment of the Davidson County Criminal Court assessed a fine of $150,000, plus court costs.

4. While on appeal, the defendant and the Department of Safety entered into an "Agreed Order of Remand," approved by the chancery court on February 9, 1999, which deleted a provision of the June 9, 1998 Department of Safety order mutually releasing the defendant and the State "from all claims for injuries or damages, whether now known or that may accrue in the future arising out of the above referenced seizure." This order did not affect return of the funds to the defendant. Furthermore, the funds were never transferred to the clerk and master of the chancery court but remained the property of the Metro Trustee.

5. On May 7, 1999, the Davidson County Criminal Court issued a writ of *fieri facias* attaching the seized funds held by the Metro Trustee. The funds were transferred to the criminal court clerk on July 22, 1999.

6. Three months later, on August 10, 1999, the Davidson County Chancery Court conducted a show cause hearing upon motion by the defendant to determine the reason the seized funds had not been returned to the defendant. On August 13, 1999, the chancery court entered an order, stating that "the Department of Safety has failed to show cause why the funds in issue were not restored to Mr. Vukelich as required by this Court's February 9, 1999 order." Contrary to the court's recitation, this is the first time the chancery court addressed by order return of the funds to the defendant.

Although the defendant alleges that he repeatedly requested return of the seized funds, there is nothing in the record that supports this allegation. Clearly, the Appellant could have sought return of the funds from the Department of Safety at any time prior to the issuance of the *fieri facias* or from chancery court prior to its remand for enforcement of its order. *See* Tenn. Code Ann. § 4-5-322(c) (review itself does not stay enforcement of the agency decision). The defendant never sought restoration of the funds until after the funds were attached by the criminal court by way of *fieri facias*.

I find that the chancery court never had jurisdiction over the seized funds because the issue of restoration was not appealed to the that court and was outside the reviewing court's scope of review. *See* Tenn. Code Ann. § 40-33-213 (1997). This position is, also, supported by the fact that the seized funds were never held pursuant to orders of the chancery court nor did the court exercise any control over the funds. Thus, the doctrine of *custodia legis* ceased to apply after ownership of the funds was determined by the Department of Safety's ruling. *See Brunswick Corp. v. J & P, Inc.* 424 F.2d 100, 102 (10th Cir. 1970). Assuming for argument's sake the chancery court obtained jurisdiction over the seized funds by appeal as my colleagues suggest, it relinquished jurisdiction when it remanded the case to the Administrative Law Court by agreed order. *See* Tenn. Code Ann. § 4-5-322(h) (1998). It is uncontested that the funds belong to the defendant at the time the *fieri facias* issued and that the criminal court had, not only the authority but an obligation, to enforce its judgments and orders, which would include the attachment of property held in the hands of a third party. In sum, I would find, as did the Davidson County Criminal Court, that the seized funds were not subject to the jurisdiction of the chancery court when the writ of *fieri facias* was issued, and the criminal court properly enforced its judgment by seizing the funds held by the Metro Trustee.

_____
David G. Hayes, Judge

-2-